UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

HOOR NAZ JAFRI, ROSLYN F. DOGAN,
SEDRA J. SIGNATER, ARTHUR SMITH, JR.,
KYEIANA E. MURRAY, ROBERT E. BOOKER,
AND JAMES J. MYER

CRIMINAL ACTION

NO. 12-73-BAJ-SCR

## RULING AND ORDER

Before the Court is a motion for reconsideration filed by defendant Kyeianna Murray, asking the Court to reconsider its prior ruling that disqualified MacAllyn J. Achey from representing Murray in this matter due to a potential conflict of interest. (doc. 106) In support of the motion, Defendant argues the Court erred in classifying the professional relationship of Murray and her co-defendant, Roslyn Dogan. In addition, Defendant asserts that Achee's significant legal experience is a serious factor which must be taken into consideration in order to protect Murray's rights under the Sixth Amendment. (doc. 106) For these reasons, Defendant argues the court should reconsider its prior ruling and allow Mr. Achee to continue representing Ms. Murray. (doc. 106)

In its original ruling, the Court took into account the entirety of the circumstances of the instant case. (doc. 105) This includes information obtained in both open court and in chambers.[1] The Court weighed many factors when it issued

---

[1] It is important to note that the Court did take, without objection from the parties, *in camera* evidence on this issue. This was part of the evidence considered in the Court's original ruling.

its decision in the original ruling, including Mr. Achee's experience as an attorney and the professional relationship of Murray and her co-defendant Dogan. However, these aren't the only factors the Court considered. As noted by the Supreme Court in *Holloway v. Arkansas*, it is difficult to "judge intelligently the impact of a conflict on the attorney's representation of a client." 435 U.S. 475, 491 (1978). Furthermore, "[t]he evaluation of the facts and circumstances of each case under this standard must be left *primarily to the informed judgment of the trial court.*" *Wheat v. United States*, 486 U.S. 153 , 164 (1988) (emphasis added). Based upon the circumstances and the information gathered, the Court denies Defendant Murray's motion for reconsideration.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion for reconsideration.

Baton Rouge, Louisiana, October 30, 2012.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA