UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
      Plaintiff

Versus                                           Criminal No. 3:12CR00073-008-BAJ-SCR

ZAHID IMRAN
      Defendant

## ORDER OF FORFEITURE AS TO CERTAIN SUBSTITUTE PROPERTY OF DEFENDANT

The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, § 853(p), has moved to enter an order of forfeiture of the Twenty-Five Thousand Dollars used as criminal bond money by Zahid P. Imran to secure the release of Mrs. Hoor Naz Jafri and Mrs. Roslyn Dogan, as substitute property. In consideration of the motion, the memorandum in support thereof and the entire record in this matter, the Court finds as follows:

WHEREAS on May 3, 2013, Dr. Imran provided Twenty-Five Thousand Dollars in criminal bond money to the Clerk for the Middle District of Louisiana to secure the release of Hoor Naz Jafri and Roslyn F. Dogan from jail. Dr. Imran put up $20,000.00 to secure the release of Mrs. Jafri and $5,000.00 to secure the release of Mrs. Dogan; and

WHEREAS the defendant, Zahid Imran, on May 13, 2014, entered into a Plea Agreement (Docket Entry#391) with the United States; and

WHEREAS on May 13, 2014, defendant Imran was re-arraigned, and plead guilty to Count One of the Superseding Indictment, which charged her with conspiracy to commit health care fraud, in violation of Title 18, United States Code, § 1349, and further he agreed to the forfeiture allegation set forth in the Superseding Indictment; and

WHEREAS on June 9, 2014, pursuant to Title 18, United States Code, § 982(a)(7), it was ordered that a forfeiture money judgment in favor of the United States, against defendant Dr. Imran Thirty-Seven Million, Nine Hundred Sixty-Three Thousand, Eight Hundred Eighty-Five Dollars and No/100 ($37,963,885.00) representing proceeds generated from a scheme to commit health care fraud as a result of Zahid Imran's involvement as medical director of Psychcare of Louisiana, LLC dba Shifa Community Mental Health Center ("Shifa"), and part owner of Serenity Center, LLC ("Serenity"); and

WHEREAS a money judgment has been entered as to Defendant Imran, the United States has been unable at this time to trace sufficient funds to satisfy this judgment; and

WHEREAS based on the evidence provided by the Government in the form of the Affidavit of Thomas Daly, FBI agent assigned to investigate this case, (attached as Government Exhibit A), that as a result of the acts or omissions of the defendant, proceeds traceable to the commission of the health care offense, and in satisfaction of the forfeiture money judgment issued in this case, cannot be located or traced because the money has been commingled with other funds belonging to the defendant and/or cannot be located upon the exercise of due diligence; and

WHEREAS as a result, the government requests that Defendant Imran's interest in the Twenty-Five Thousand Dollars used as criminal bond money by Zahid P. Imran to secure the release of Mrs. Hoor Naz Jafri and Mrs. Roslyn Dogan; and

WHEREAS pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, § 853(p), the United States is entitled to an order forfeiting other property as a substitute, and in partial satisfaction of, the money judgment.

ACCORDINGLY, IT IS HEREBY ORDERED that all right, title and interest of Defendant Zahid Imran, in the Twenty-Five Thousand Dollars paid to the Clerk for the Middle District of Louisiana, and used as criminal bond money by Zahid Imran to secure the release of Mrs. Jafri and Mrs. Dogan, are hereby forfeited to the United States.

It is FURTHER ORDERED that the Clerk for the Middle District of Louisiana, or his representatives, shall retain the funds until Hoor Naz Jafri and Rosalyn Dogan are sentenced and report to jail. Then, pending the conclusion of any third party proceedings which may be conducted in this matter, pursuant to Fed. R. Crim. P. 32.2(e) and 21 United States Code, § 853(n), the Court will order the money released.

It is FURTHER ORDERED that the United States shall, promptly initiate proceedings necessary to protect any third party interests in these substitute properties, pursuant to and in accordance with Rule 32.2(e)of the Federal Rules of Criminal Procedure and Title 21, United States Code, § 853(n), prior to requesting entry of a final order of forfeiture with respect thereto.

It is FURTHER ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to Title 21, United States Code, § 853(n)(7), the United States will move for a final order of forfeiture, and the United States

Marshals Service, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

DONE AND ORDERED this 25th day of August, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA